IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| MARIO ALBERTO MEDRANO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:20-CV-78-Z |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**TO DENY PETITION FOR A WRIT OF HABEAS CORPUS**

Petitioner MARIO ALBERTO MEDRANO has filed with this Court a *Petition for a Writ of Habeas Corpus by a Person in State Custody* challenging a December 10, 2018 state prison ruling finding him guilty of the disciplinary offense of conspiracy to traffic phones, and assessing as punishment the forfeiture of 360 days previously accrued good-time credits.[1]  [ECF 3]. Petitioner appears to assert the ruling should be overturned because the evidence was insufficient to support a finding of guilt, testimony was improperly admitted at the hearing, the disciplinary process was conducted in violation of TDCJ policy, and the punishment assessed for the disciplinary offense was excessive.  Petitioner appears to conclude the disciplinary process, ruling and punishment violate his federal constitutional right to due process.  At the time he filed his

---

[1] Other punishment petitioner was assessed in the disciplinary proceeding merely constituted changes in the conditions of his confinement and does not implicate the Due Process Clause of the United States Constitution as required for review in a federal habeas corpus proceeding.  *See Sandin v. Conner*, 515 U.S. 472, 478, 115 S.Ct. 2293, 2297 (1995); *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997).

federal habeas application, petitioner was incarcerated at the Clements Unit in Potter County, Texas.

In order to challenge the constitutionality of a state prison disciplinary adjudication by way of a federal petition for a writ of habeas corpus, a petitioner must, at a minimum, be eligible for mandatory supervised release **and** have received a punishment sanction that included forfeiture of previously accrued good-time credits. *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000). Petitioner cannot meet both prerequisites to properly bring this federal habeas corpus action.

Review of the online Offender Information Detail maintained by the Texas Department of Criminal Justice reflects petitioner is currently confined pursuant to a February 6, 2002 conviction for aggravated robbery out of the 208th Judicial District Court of Harris County, Texas, and the resultant 99-year sentence assessed therefor. *See State v. Medrano*, No. 852,709. The mandatory supervision eligibility statute in effect when petitioner committed his aggravated robbery offense on August 11, 2000 stated, "[a]n inmate may not be released to mandatory supervision if the inmate is serving a sentence for or has been previously convicted of . . . a first degree felony under Section 29.03 [of the Texas] Penal Code [aggravated robbery]." Tex. Gov't Code § 508.149(a)(12) (2000). In response to Question 16 of his form federal habeas application, petitioner concedes he is not eligible for release on mandatory supervision.

As petitioner is serving a sentence for aggravated robbery, he is not eligible for mandatory supervision. As petitioner is not eligible for mandatory supervised release, he may not challenge a state prison disciplinary proceeding by way of a federal petition for a writ of habeas corpus. *See Malchi*, 211 F.3d at 958. Petitioner's habeas application must be DENIED.[2]

---

[2] Petitioner indicates his Step 2 challenge to the disciplinary ruling through the prison grievance procedure was denied on February 14, 2019. Petitioner also avers the instant habeas application was deposited in the prison mail system on March 16, 2020. Therefore, the instant habeas petition also appears to be time-barred by the 1-year statute of limitation applicable to federal habeas corpus petitions. *See* 28 U.S.C. § 2244(d)(1).

## RECOMMENDATION

It is the RECOMMENDATION of the undersigned United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner MARIO ALBERTO MEDRANO be DENIED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED June 3, 2020.

*[signature]*
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).